IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,606-02






EX PARTE ANTHONY SCOTT WOOTEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM TARRANT COUNTY

IN THE 297TH JUDICIAL DISTRICT COURT

TRIAL COURT CAUSE NO. C-297-007528-0759485-B



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession with intent to deliver a controlled substance, and punishment
was assessed at confinement for five years. No direct appeal was taken. 

 Applicant contends that he has not received street time credit for time he was released
on mandatory supervision in this cause. See Ex parte Spann, 132 S.W.3d 390 (Tex. Crim.
App. 2004).

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed. Because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from both the criminal institutions and the parole divisions of
the Texas Department of Criminal Justice, or it may order a hearing. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to the quantum of Applicant's flat time credit and street time credit, the "remaining
portion" of Applicant's sentence as that term is defined in Spann, 132 S.W.2d at 396, and
the "summons date" as that term is defined in Spann. Id. at 393 n.6. The trial court should
also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 45 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
60 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1st DAY OF MARCH, 2006.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.